## GATE CITY MALT CO. v. STEWART et al.

(Circuit Court of Appeals, Eighth Circuit. June 30, 1913.)

### No. 3,885.

1. MECHANICS' LIENS (§ 93*)—ENFORCEMENT—DEFENSES.

Where a contract for the construction of a malting plant provided that the work should be done under the direction of the owners, and there was no evidence that they were prevented from having their wishes as to the depth of the foundation complied with, they cannot defend an action to foreclose a mechanic's lien on the ground that the walls had cracked by reason of the insufficient depth of the foundation.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 124; Dec. Dig. § 93.*]

2. MECHANICS' LIENS (§ 93*) — PERSONS ENTITLED — CONTRACTOR — PERFORMANCE OF CONTRACT.

Where the contractors for the construction of a building have substantially performed their contract, they are entitled to a mechanic's lien for the contract price, even though the building is defective.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 124; Dec. Dig. § 93.*]

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by James C. Stewart and others against the Gate City Malt Company. Decree for the plaintiffs, and defendant appeals. Affirmed.

Frank H. Gaines, of Omaha, Neb. (McGilton, Gaines & Smith, of Omaha, Neb., on the brief), for appellant.

Seneca N. Taylor, of St. Louis, Mo. (S. C. Taylor, of St. Louis, Mo., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

CARLAND, Circuit Judge. This action was brought to foreclose a mechanic's lien. A decree of foreclosure was granted, and defendant appeals. There are only two assignments of error argued in the brief. They are stated by counsel for appellant as follows:

"1. The evidence shows that the plaintiff and its agents did not locate and construct the pier holes upon which the iron pillars rest in accordance with the plans and specifications, but wrongly located the pier holes, and then enlarged the same beyond the size called for in the plans, with the result that the columns thus wrongly located settled unevenly, causing cracking of the floor of the attemperator room and uneven settlement of the piers with respect to each other and the walls of the building, and that such action was willful and deliberate upon the part of the plaintiff, to the great damage of the defendant.

"2. That plaintiff and its agents were directed in the location of the walls of the building to go to yellow clay or solid ground, but that instead of so doing the north walls of the building in controversy rest upon soft or yielding ground, whereby, in order to repair the damage, it is necessary to reconstruct the building."

[1] The claim for a lien arose out of the performance of a contract entered into August 27, 1906, whereby the appellees agreed with appel-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lant to furnish the materials and perform all the work for the erection and completion of a malting plant on a parcel of land situated in South Omaha, Neb. The malting plant was to be erected in accordance with plans and specifications prepared by the Saladin Pneumatic Malting Construction Company. Article 2 of the contract contained this provision:

"It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said owner."

Thomas Kimball, an architect, was superintendent of the construction of the malting plant and represented the owner and appellant. One Heckman, who was in immediate charge of the work, represented Kimball. Otto Luebkert, who was in the employ of the malting construction company, prepared the plans for the malting plant, which plans were a retracing of plans prepared for a malting plant erected in Winnipeg for the Canada Malting Company. On account of the possible difference in soil between South Omaha and Winnipeg, the plans and specifications furnished for the malting plant at Omaha did not specify the depth to which the foundation walls should be placed below the surface of the ground. The depth to which said walls should be placed in the ground was left, according to the contract and evidence, to the owner, or its superintendent, Kimball. The malting plant was built upon ground which was higher at the south end of the building than it was at the north end. Yellow clay, which at the place in question was a proper foundation soil, was therefore reached at a less distance at the south than at the north end after the ground had been made level. The walls of the malting plant were not carried down to the yellow clay at the north end. Kimball says he told Seckner, who was in charge of construction for appellees, to go to yellow clay for the foundation for the walls. Seckner says Heckman, who represented Kimball, knew and approved of the depth to which the walls were placed in the ground at the north end. There was evidence, therefore, from which the trial court could have found that Seckner's testimony was true. But, independent of this consideration, we have carefully read all the evidence, and have arrived at the conclusion that under the contract and the evidence the responsibility for not putting the walls down to yellow clay at the north end of the building must be placed upon the owner. That is where the contract places it, and there is no evidence that the representatives of the owner were in any manner prevented from having their wishes complied with. We are also satisfied from the evidence that the cracking of the walls detailed in the evidence was due to the settling of the same, and that this undue settling was caused by not placing the footings for the walls at the north end upon a proper foundation.

[2] In regard to the enlargement of the piers, there is testimony in the record from which the trial court might justly find that such enlargement was made with Heckman's knowledge and consent; but, whatever the fact may be, we again agree with the trial court that the enlargement of the piers did not cause the settling of the walls, the chimney stack, or the boilers. It would serve no good purpose to de-

tail at length the evidence upon which our opinion is based. We are satisfied that there has been a substantial performance of the contract by appellees, and that they should recover. Omaha Water Co. v. City of Omaha, 156 Fed. 922, 85 C. C. A. 54; City of St. Charles v. Stookey, 154 Fed. 776, 85 C. C. A. 494. The above cases are decisions of this court and the last one cited contains a citation of many decisions supporting the rule there enunciated.

Decree affirmed.